UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GAMALIEL JAPHIA JOSEPH EL,

    Plaintiff,

v.   Case No. 4:18-cv-565-MW/MJF

BRIAN SPEIGNER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned by the clerk of the court. For the reasons stated below, the undersigned respectfully recommends that this action be dismissed without prejudice.[1]

**I.   Background**

On December 10, 2018, Plaintiff, proceeding *pro se*, filed a fourteen-page complaint pursuant to 42 U.S.C. § 1983, which alleges violations of his constitutional rights. (Doc. 1). The Plaintiff also filed a document which he labeled "Asseveration of Financing Statement" (Doc. 2), in which the Plaintiff states that he is "*in forma pauperis.*"

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Because Plaintiff's complaint was not on the court-approved form for *pro se* litigants and Plaintiff's "Asseveration of Financing Statement" was not a proper motion to proceed *in forma pauperis*, on December 12, 2018, the undersigned directed the Plaintiff to amend his complaint and use the court-approved form for his complaint. (Doc. 4 at 5). Additionally, the undersigned directed the Plaintiff to properly move to proceed *in forma pauperis* by using the forms available from the clerk or pay the filing fee.[2] (*id.*). The undersigned imposed a deadline of January 12, 2019, for the Plaintiff to correct these deficiencies. (*id.*). The undersigned's order warned the Plaintiff as follows:

> Failure to comply with this order likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and/or failure to pay the filing fee, or properly seek to proceed *in forma pauperis*.

(*Id.* at 6). The Plaintiff did not comply with the undersigned's order.

---

[2] This part of the order was consistent with Rule 5.3 of the Local Rules of the U.S. District Court for the Northern District of Florida. That rule provides in relevant part: "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. A party who moves for leave to proceed *in forma pauperis* must simultaneously file a financial affidavit on a form available without charge from the Clerk or on the District's website. The motion must also be on a form available without charge from the Clerk or the District's website unless filed by an attorney."

On January 14, 2019, after the Plaintiff failed to file an amended complaint and failed to pay the filing fee or move to proceed *in forma pauperis*, the undersigned issued an order to show cause why this action should not be dismissed for these deficiencies and the Plaintiff's failure to obey a court order. The order again warned the Plaintiff that failure to comply with the order likely would result in a dismissal of this action. (Doc. 6). The undersigned gave the Plaintiff until February 13, 2019, to respond to the order to show cause.

More than one month has passed since the expiration of the second court-imposed deadline, and yet the Plaintiff has failed to: (1) respond to the order to show cause; (2) pay the filing fee or file a motion to proceed *in forma pauperis*; and (3) amend his complaint. Furthermore, the court notes that each order was returned as undeliverable at the mailing address provided by the Plaintiff, with an indication that the Plaintiff did not live at that address. (Docs. 5, 7, 8). Plaintiff, who is not a prisoner, has not updated his address with this court.

**II.   Discussion**

The undersigned recommends that the District Court dismiss Plaintiff's complaint for three reasons: (1) the Plaintiff failed to pay the filing fee or move to proceed *in forma pauperis*; (2) he failed to comply with two court orders; and (3) he failed to file his complaint using a court-approved form.

A. **Failure to Pay the Filing Fee or Seek to Proceed *in Forma Pauperis***

Rule 5.3 of the Local Rules of the U.S. District Court for the Northern District of Florida provides in relevant part:

> A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. A party who moves for leave to proceed *in forma pauperis* must simultaneously file a financial affidavit on a form available without charge from the Clerk or on the District's website. The motion must also be on a form available without charge from the Clerk or the District's website unless filed by an attorney.

N.D. Fla. Loc. R. 5.3.

Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914(a). A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002);[3] *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014).

---

[3] In *Wilson*, the Court of Appeals reviewed a district court's dismissal of a *pro se* prisoner plaintiff. The Court of Appeals noted that for an imprisoned plaintiff, failure to pay the fee may be beyond his control insofar as payment of the filing fee required authorization for prison officials to withdraw and pay the fee. *Wilson*, 313 F.3d at 1320-21. Here, based on the record before this court, the Plaintiff does not appear to be imprisoned. Unlike a prisoner-plaintiff, the Plaintiff in this case could have easily resolved the issue of the payment of the filing fee or filed an appropriate motion to proceed *in forma pauperis*.

Here, the undersigned ordered the Plaintiff to either pay the $400.00 filing fee or file a motion to proceed as a pauper. (Doc. 4). The undersigned warned the Plaintiff twice that failure to correct this deficiency likely would result in dismissal of his action. (Doc. 4; Doc. 6). Despite these warnings, the Plaintiff has not paid a filing fee and has not moved to proceed *in forma pauperis*. For this reason, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

### B. <u>Failure to Comply with Court Orders</u>

There is a second reason warranting dismissal of this action: Plaintiff's failure to comply with orders of this court.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82

S. Ct. 1386, 1388-89 (1962) (noting that the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts may *sua sponte* dismiss cases for failure to comply with court orders. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may sua sponte dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances"). This includes failure to comply with a magistrate judge's order that a litigant use a court-approved form to file a complaint. *See Adams v. Berkebile*, 563 F. App'x 650, 651 (10th Cir. 2014). This power "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967); *see Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of the Plaintiff's failure to comply.** The undersigned issued an order to file an amended complaint on December 12, 2018, and set a deadline of January 12, 2019, for compliance. Subsequently, on January 14, 2019, the undersigned issued an order to show cause and set a deadline of February 13, 2019, for compliance. More than one month has passed since the expiration of the court-imposed deadline and Plaintiff has failed to respond. Thus, the Plaintiff has been afforded sufficient time to comply.

**(2) The Plaintiff's failure to comply with two orders:**

    a.    The undersigned's order of December 12, 2018; and

    b.    The undersigned's order of January 14, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned the Plaintiff that failure to comply with the respective orders could result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

**(4) The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may elect to refile his claim should he choose to pursue it in the future.

**(5) The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded ample opportunity to be heard and to receive due process. Under the circumstances of this case, the court's need to dispose of cases that are not being actively prosecuted outweighs other interests.

**(6) The public policy favoring disposition of cases on their merits.** Use of the court-approved complaint forms facilitates disposition of cases on their merits. Plaintiff has declined to follow the court's order to use the form for a section 1983 action. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff's past conduct suggests that he likely would ignore any further orders to comply. In fact, it appears that the Plaintiff has no intention of prosecuting this case insofar as he provided this court with an incorrect mailing address at the outset of the case and has not—over the course of a three-month span—informed this court of his proper mailing address. Moreover, it is unlikely that an imposition of a fine or a finding of contempt would motivate the Plaintiff.

For this second reason, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

## C. <u>Failure to Use Court-Approved Forms</u>

There is yet a third reason justifying dismissal of this case: Plaintiff's failure to use a court-approved complaint form and a court-approved form for a motion to proceed *in forma pauperis*.

"A district court has discretion to adopt local rules." *Hollingsworth v. Perry*, 558 U.S. 183, 191, 130 S. Ct. 705, 710 (2010); *Frazier v. Heebe*, 482 U.S. 641, 645, 107 S. Ct. 2607, 2611 (1987); *see* 28 U.S.C. § 2071; Fed. R. Civ. P. 83. Rule 83 of the Federal Rules of Civil Procedure authorizes federal courts to promulgate local rules that require litigants to use court-approved forms. *See* Fed. R. Civ. P. 83(a). Such local rules have the force of law. *See Hollingsworth*, 558 U.S. at 191, 130 S. Ct. at 710; *Weil v. Neary*, 278 U.S. 160, 169, 49 S. Ct. 144, 148 (1929) ("a rule of court thus authorized and made has the force of law"); *Chesire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (stating that "a valid local rule has the force of law").

The U.S. District Court for the Northern District of Florida promulgated Local Rules 5.7(A) and 5.3. Local Rule 5.7(A) states that "[a] party not represented by an attorney must file any" complaint in a civil rights case "only on a form available without charge from the Clerk or on the District's website . . . ." Similarly, Local Rule 5.3 states:

> A party who moves for leave to proceed *in forma pauperis* must simultaneously file a financial affidavit *on a form available without charge from the Clerk or on the District's website. The motion must also be on a form available without charge from the Clerk or the District's website unless filed by an attorney.*

N.D. Fla. Loc. R. 5.3 (emphasis added). A federal court may enforce willful violations of local rules by dismissing actions. *See* Fed. R. Civ. P. 83(a)(2); *Texas v. United States*, 798 F.3d 108, 1114 (D.C. Cir. 2015) (stating that "a material failure to follow the rules in district court can doom a party's case"). Such dismissals are permissible when the violation entails failure to use a court-approved form. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (holding that the district court did not abuse its discretion in dismissing without prejudice a prisoner's complaint for failure to comply with an order to use a court-approved form); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Daily v. Municipality of Adams Cty.*, 117 F. App'x 669, 671-72 (10th Cir. 2004) ("Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is 'nonwillful.'").

Here, Plaintiff failed to use the court-approved form for his civil rights complaints as required by Local Rule 5.7(A) and the court-approved forms for a

motion to proceed *in forma pauperis* and the requisite financial affidavit. Plaintiff's failure clearly was willful insofar as his "Asseveration of Financing Statement" acknowledged that courts often require either a "Financial Statement," "Financial fee" or a "Motion," but that he was presenting his "Asseveration of Financing Statement" in lieu of those documents. (Doc. 2 at 2). Additionally, he was ordered to use the correct forms but disregarded that order and failed to offer any justification for this failure. (Doc. 4; Doc. 6). For this third reason, therefore, the undersigned recommends that this action be dismissed without prejudice.

### III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice.

2. The Clerk of the Court enter judgment accordingly and close this case.

At Panama City, Florida, this 5th day of March 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.